**FILED**
OCT 1 4 2009
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Terry Faison Williams,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 09 1937 |
| ) | |
| **Department of Justice Federal Bureau** ) | |
| **of Prisons,** ) | |
| ) | |
| **Defendant.** ) | |

### MEMORANDUM OPINION

Before the court is an application to proceed in forma pauperis and a pro se complaint. The application will be granted, but the complaint dismissed without prejudice for lack of subject matter jurisdiction.

It appears from exhibits filed with the complaint that the plaintiff, Terry Faison Williams, is the sister of Louis T. Faison, a prisoner who died while in federal custody at the United States Penitentiary Lewisburg, in Lewisburg, Pennsylvania. The complaint and the exhibits indicate that Williams questions the circumstances of her brother's death and suspects medical negligence or wrongful death. The complaint itself identifies only a cause of action under Title 18 of the U.S. Code, § 242, for deprivation of rights under color of law. Title 18 of the U.S. Code sets out the criminal laws of the United States, and private persons cannot bring criminal lawsuits. Therefore this complaint for a criminal suit must be dismissed for failure to state a claim upon which relief may be granted.

In light of the supporting exhibits, the pro se complaint could be liberally construed, *see Haines v. Kerner,* 404 U.S. 519, 520 (1972), as one intending to initiate a civil lawsuit for

3

medical negligence or wrongful death. A private plaintiff may bring a civil lawsuit against the United States of America or one of its agencies, such as the Department of Justice, the parent agency of the Bureau of Prisons, under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401(b), 2671 *et seq.* A person who wants to bring a civil lawsuit under the Federal Tort Claims Act must first, within two years after the claim accrues, file an administrative claim with the appropriate federal agency. 28 U.S.C. § 2401(b). Only after first exhausting the administrative remedies available under the Federal Tort Claims can the person file a civil lawsuit. Specifically, no civil lawsuit may be brought under the Federal Tort Claims Act

> unless the claimant shall have first presented the claim to the appropriate federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make a final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). Because exhaustion of administrative remedies is required by § 2675(a), this court does not have subject matter jurisdiction over Federal Tort Claims Act cases that have not first been administratively exhausted. *See Jackson v. United States*, 730 F.2d 808, 809 (D.C. Cir. 1984) ("Such a[n administrative] claim is a mandatory jurisdictional prerequisite to a [Federal Tort Claims Act] suit against the United States."). Because Williams has not demonstrated that she has exhausted her administrative remedies under the Federal Tort Claims Act, she has not established that this court has subject matter jurisdiction over this action, and it will be dismissed for lack of subject matter jurisdiction without prejudice.

A separate order accompanies this memorandum opinion.

Date: 10/5/09

United States District Judge